Edward William **FORBES**, et al.

v.

**A & P BOAT RENTALS, INC.,** et al.

**Civ. A. No. 85–5786.**

United States District Court, E.D. Louisiana.

Aug. 5, 1988.

Joseph J. Weigand, Jr., Weigand, Weigand & Meyer, Houma, La., for plaintiffs.

Richard S. Vale, Blue, Williams & Buckley, Metairie, La., for Twin Disc, Inc.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on July 20, 1988 for hearing on motion of defendant Twin Disc, Inc. for new trial or, in the alternative, for remittitur. For the following reasons, the Court now DENIES the motion.

Twin Disc raises three grounds for a new trial and one ground for a remittitur. Below, the Court addresses each point in turn. For the Court's prior findings of fact and conclusions of law in this matter, see *Forbes v. A & P Boat Rentals, Inc.*, 689 F.Supp. 625 (E.D.La.1988).

### I. *Plaintiff's Responses*

On his cross-examination, plaintiff testified that, in December 1985 or January 1986, a Mr. Guidry of A & P Boat Rentals (plaintiff's former employer) offered plaintiff another job with A & P on the condition that he not sue A & P or Twin Disc. *See id.*, 689 F.Supp. at 630 n. 5.

Twin Disc now argues that this answer was totally unresponsive to the question asked by Twin Disc's counsel, was calculated to inflame the jury, and was inadmissible under F.R.Ev. 408. Twin Disc asserts that a new trial is thus in order.

First, the Court pragmatically notes that it would not have made detailed the findings of fact it did if it had believed that a new trial was warranted. Second, as plaintiff notes, Twin Disc did not object at trial to plaintiff's response, nor did Twin Disc move for a mistrial; had Twin Disc so moved or objected, the Court could have given a cautionary instruction to the jury if appropriate. Third, any prejudice to Twin Disc from the remark would be indirect and insignificant, inasmuch as any "inflammation" would be against A & P Boat Rentals and not Twin Disc. Finally, Twin Disc was not precluded from calling Mr. Guidry to rebut plaintiff's remarks; Mr. Guidry was listed on defendant's "may call" witness list in the pre-trial order.

### II. *Whether Bolt Was In Normal Use*

Twin Disc states that the only evidence that the bolt was screwed in was plaintiff's testimony that he did not remember the bolt being unscrewed and would have noticed if the bolt had been unscrewed. *See id.* at 630. To counter this evidence, Twin Disc points to (1) Mr. Griffin's testimony that he tested the bolt after the accident and found no problems and (2) the bolt, which shows stripping only on its bottom threads. *See id.* at 630, 631.

Twin Disc attempts to characterize plaintiff's evidence that the bolt was screwed in as "negative evidence" and then argues that negative evidence is entitled to less weight than the "positive evidence" of the bolt and Mr. Griffin's testimony. This characterization is misapplied, and its legal

standard is incorrect. The federal rules of evidence make no such distinction; if the jury found plaintiff's testimony credible and feasible, it was entitled to believe him and not Mr. Griffin. Just as the Court did, the jury evidently found plaintiff's version to carry the preponderance of the evidence.

As for Mr. Griffin's testimony, which the Court found untrustworthy, *id.* at 631, movant's own brief shows the unreliability/inconsistency of his testimony.

How or why just the bottom threads were stripped is indeed curious, but the Court is not to speculate, especially since *no party offered any expert evidence on testing.* Any saltwater that entered the screw housing would naturally have accumulated at the bottom of the housing, near the tip of the screw; perhaps, a continued presence of seawater near this tip could have accelerated or aggravated any rust damage to the screwtip.

### III. *Rusty Bolt*

 Twin Disc argues (1) that it had no duty to warn about the dangers of rust because they are obvious and (2) that plaintiff had the burden to show that a safer, feasible design existed.

First, plaintiff did show an alternative safer design existed. On cross-examination, Twin Disc's expert admitted that the bolt could have been secured to the housing. *See id.* at 13–14.

As the Court stated in its Opinion, Twin Disc's theory on the rust was untenable. *See id.* at 632. If the bolt were to function as Twin Disc's expert stated—that is, (1) when the bolt is screwed in, a vacuum is created to stop water and air from entering the screw housing and (2) there is no reason to have the bolt unscrewed—then there would be no reason for a user to check for loose bolts or for rust inside the screw housing. On the one hand, if the Court and jury were to have accepted Twin Disc's argument that the bolt was unscrewed, then the vacuum condition must have failed. On the other hand, if the bolt was indeed screwed in, then the vacuum still must have failed; otherwise, no rust would have occurred. Either way, Twin Disc's theory must fail; Twin Disc should have warned its users.

Defendant suggests that any burden to show testing on the bolt lay strictly with plaintiff. There is, simply put, no obligation that plaintiff present expert testimony if other evidence will suffice. The fact that Twin Disc manufactured the bolt and the clutch and would have all the testing equipment readily available merely implies that Twin Disc could have easily disproved plaintiff's theory if Twin Disc really did not have a good defense.

### IV. *Damages Too High*

Twin Disc argues that the damages were excessive. It apparently, however, only disputes the approximately $135,000 award for pain and suffering and disfigurement.

In each case cited by Twin Disc, the court found the award to be adequate; in none did the court state that any award was excessive. This Court cannot say that the jury's award of around $135,000 for a crushed hand for the rest of plaintiff's life was excessive or against the weight of the evidence.

### CONCLUSION

For these reasons, the Court does not consider a miscarriage of justice to have occurred and thus exercises its discretion not to upset the jury verdict. Accordingly, the Court DENIES Twin Disc's motion.